The Honorable Jim Keet State Senator P.O. Box 23603 Little Rock, Arkansas 72221-3603
Dear Senator Keet:
This is in response to your request for an opinion regarding Op. Att'y Gen. No. 93-430, which was issued to you on February 3, 1994. In the request for the previous opinion, you had inquired as to whether the Pulaski County Regional Solid Waste Management District's "certificate of need" regulations were applicable to Browning-Ferris Industries' proposed expansion of its landfill in south-central Pulaski County.[1] Based upon the facts provided in the request, I opined that the district's regulations with respect to certificates of need did not cover the proposed expansion and thus Browning-Ferris Industries (BFI) was not required to obtain a certificate from the district for the expansion. Your present request for an opinion pertains to footnote one of Op. Att'y Gen. No. 93-430, which states:
 I assume that, as the transfer of the permit from Worth James Trust to BFI was approved by PC E on February 22, 1991 (after the effective date of A.C.A. 8-6-706(a)), BFI obtained a certificate of need from the district pursuant to Rule 5(b) of the district's regulations. I was not, however, able to determine this from the correspondence submitted with your request.
In your correspondence, you state that Pulaski County Attorney Nelwyn Davis has indicated that the assumption contained in footnote 1 of Op. Att'y Gen. No. 93-430, as set forth above, is incorrect and that, in fact, BFI did not obtain a certificate of need from the district when the landfill permit was transferred to them. With regard to this new information, you have asked that I reconsider the conclusion reached in Op. Att'y Gen. No. 93-430.
With respect to your present request, it is my opinion that the information supplied by Ms. Davis does not affect the conclusion reached in Op. Att'y Gen. No. 93-430. In the previous opinion, it was concluded that BFI was not required to obtain a certificate of need from the Pulaski County Regional Solid Waste Management District for expansion of its landfill under either A.C.A. 8-6-706(a) (which requires certificates of need of applicants for a solid waste landfill permit; in this case, BFI already has a permit for the landfill) or the district's rules and regulations. Rule 5 of the district's rules and regulations, as referenced in the previous opinion, provides that certificates of need may be issued regarding permits for any new solid waste landfill disposal site, transfer of an existing permit, or a reclassification of an existing solid waste landfill disposal permit. As BFI's action with regard to the pre-application for expansion did not represent either a permit for a new disposal site or a transfer (transfer had already occurred) or reclassification of an existing permit, it was concluded in Op. Att'y Gen. No. 93-430
that Rule 5 did not cover the expansion. The footnote in that opinion, which forms the basis for your current request, stated, however, that I had assumed BFI obtained a certificate of need for the transfer of the permit from Worth James Trust to BFI since a transfer (not an expansion) falls within the scope of Rule 5(b).
After researching this issue further, it is my opinion that BFI was not required to obtain a certificate of need for either the expansion of the landfill (as concluded in Op. Att'y Gen. No.93-430) or for the transfer of the permit, which was approved by PC E on February 22, 1991. This determination with regard to the transfer is based upon the fact that Rule 5 of the district's rules and regulations (the rule which I had assumed would require a certificate of need for the transfer from Worth James Trust to BFI) was not, as I understand it, adopted by the district until August 16, 1992, after the 1991 transfer of the permit. Thus, Rule 5 would cover neither the expansion nor the 1991 transfer of the permit. Finally, it is my understanding that the predecessor to the Pulaski County Regional Solid Waste Management District had a similar rule to that of Rule 5 regarding certificates of need, but that rule was not adopted until June 24, 1991, which would also have been after the February 1991 transfer of the permit in this case.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Nancy A. Hall.
Sincerely, WINSTON BRYANT Attorney General
WB:cyh
[1] It should be noted that when reference is made in both the previous opinion and in this opinion to BFI's "expansion" of its landfill in Pulaski County, the term "expansion" refers to the opening of a new cell on the property for which BFI already has a solid waste landfill permit and thus does not refer to an enlargement of the landfill outside the scope of the property that is permitted.